**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-CV-21350**

ILC DOVER LP,

    Plaintiff,

v.

FLOODBARRIER, INC.,

    Defendant.

_____/

**DEFENDANT'S MOTION FOR ENTITLEMENT TO FEES AND COSTS,
AND TO STAY PROCEEDINGS, PURSUANT TO FED. R. CIV. P. 41(d)**

Defendant FloodBarrier, Inc. ("Defendant"), hereby files this Motion for Entitlement to Fees and Costs against Plaintiff, ILC Dover LP ("Plaintiff") for dismissing a related action based on the same set of claims against the same Defendant, an action that was filed by the Plaintiff on July 3, 2019 in the U.S. District Court for the Southern District of Florida, Case No. 2019-CV-22760 ("*ILC Dover I*"). Although *ILC Dover I* was voluntarily dismissed without prejudice on February 13, 2020, Plaintiff expressly "stipulate[d] and agree[d] that defendant has not waived any rights it may have under Federal Rule of Civil Procedure 41(d) by entering this stipulation and agreeing to dismiss this action without prejudice."[1] In support thereof, and in availing itself to all rights and remedies provided for under Fed. R. Civ. P. 41(d), Defendant states as follows:

## SUMMARY OF ARGUMENT

Plaintiff has attempted to gain an unfair tactical advantage by dismissing *ILC Dover I*, and subsequently refiling the same lawsuit against the Defendant. The record makes clear that Plaintiff voluntarily dismissed *ILC Dover I* merely to avert a dismissal on the merits because Plaintiff did not own the patents-in-suit, and therefore had no basis to even file the lawsuit. For Plaintiff to have initiated a legal proceeding against the Defendant in the U.S. District Court for the Southern District of Florida – which Plaintiff had no right to file in the first place – is a serious cause for concern under this Court's own initiative pursuant to Fed. R. Civ. P. 11(c)(3).[2]

Even more troubling, and notwithstanding the filing of a flurry of purported "conveyances" with the United States Patent and Trademark Office (USPTO), the Plaintiff's second attempt to conjure standing in the instant lawsuit is still insufficient. Indeed, and as fully detailed in the Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(1), Plaintiff has failed to meet its burden in asserting the existence of subject matter jurisdiction. *See Rasmussen v. Cent. Fla. Council BSA, Inc.*, 2009 U.S. Dist. LEXIS 14272, at *16 (M.D. Fla. Feb. 9, 2009) ("the party

---

[1] *See ILC Dover I* at [D.E. 38].

[2] Defendant notes that the complaint in *ILC Dover I* was filed by a different attorney than lead counsel for the Plaintiff in the instant case. Regardless, by filing the complaint in *ILC Dover I*, Plaintiff certified that: (1) "it [was] not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;" and (2) "the factual contentions [supporting Plaintiff's ownership of the patents-in-suit] have evidentiary support." Fed. R. Civ. P. 11(b)(1) and (3). These representations were untrue, as *ILC Dover I* caused the Defendant to be ensnared in costly litigation, and needlessly caused the Defendant to incur significant costs and attorneys' fees. And, as evident by the fact that Plaintiff dismissed *ILC Dover I* in a hurried attempt to cure its standing problem, the Plaintiff failed to conduct any due diligence into the factual contentions supporting Plaintiff's purported ownership of the patents-in-suit.

asserting federal subject matter jurisdiction bears the burden of proving its existence."). Defendant's motion to dismiss therefore requests that given the prior dismissal of *ILC Dover I*, the dismissal of the instant action for lack of standing should be **with prejudice**.

At this juncture, Defendant has now been the unfair target of *two* lawsuits, rife with baseless accusations of patent infringement, despite the fact that the Plaintiff does not own any of the three (3) patents-in-suit. At a minimum, the Defendant is at least entitled to recover its attorney's fees and costs from *ILC Dover I* pursuant to Fed. R. Civ. P. 41(d). Defendant respectfully requests that this Court find entitlement to such an award, and to stay the instant proceedings until Plaintiff tenders that total award to the Defendant.

## MEMORANDUM OF LAW

### I. Pursuant to Fed. R. Civ. P. 41(d), Defendant is Entitled to Recover All of its Costs, Including Attorneys' Fees, Incurred in *ILC Dover I*.

#### A. The Payment of "Costs" Under Fed. R. Civ. P. 41(d) Includes Attorneys' Fees.

Rule 41(d) of the Federal Rules of Civil Procedure provides in pertinent part:

> COSTS OF A PREVIOUSLY DISMISSED ACTION. If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order *for the payment of costs of the action previously dismissed* as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

Fed. R. Civ. P. 41(d) (emphasis added). "Rule 41(d) promotes the just, speedy and inexpensive determination of every action by deterring plaintiffs from changing forums mid-litigation and forcing a new court to start from scratch, thus wasting litigant expenses and judicial resources." *Cadle Co. v. Beury*, 242 F.R.D. 695, 698 (S.D. Ga. 2007).

Although the governing rule does not expressly define what expenses constitute "costs," it is widely recognized that "Rule 41(d) affords the Court discretion to award attorney's fees as part of the 'costs' of the action previously dismissed." *Id.* at 699. Indeed, "Congress must have intended when Rule 41(d) was adopted to give the court discretion to include reasonable attorney's fees in the 'costs' that could be imposed." *Behrle v. Olshansky*, 139 F.R.D. 370, 374 (W.D. Ark. 1991).

Although the Eleventh Circuit has not expressly ruled on this issue,[3] district courts within this circuit, including the Southern District of Florida, have held that attorneys' fees are recoverable "costs" under Fed. R. Civ. P. 41(d). *See, e.g., Wolf v. Pac. Nat'l Bank, N.A.*, 2010 U.S. Dist. LEXIS 36180, at *2 (S.D. Fla. Apr. 12, 2010) ("ordering attorneys' to be paid as 'an element of cost under Rule 41(d)'"); *USA Entm't Grp., Inc. v. City of Pompano Beach*, 2019 U.S. Dist. LEXIS 20411, at *7 (S.D. Fla. Feb. 7, 2019) ("The Court notes and acknowledges that 'costs' have generally been interpreted to include attorneys' fees for the purposes of Rule 41(d)."); *Shaker Vill. Condo. Ass'n v. Certain Underwriters at Lloyd's*, 2009 U.S. Dist. LEXIS 78635, at *1 (S.D. Fla. Sep. 1, 2009) (awarding fees to the defendant under Rule 41(d)); *Heather Fees v. Zarco*, 2019 U.S. Dist. LEXIS 22703, at *17 (S.D. Fla. Feb. 11, 2019) ("the Court finds that Defendants are entitled to an award of reasonable attorneys' fees as part of their costs under Rule 41(d)"); *Whitehead v. Miller Brewing Co.*, 126 F.R.D. 581, 582 (M.D. Ga. 1989) ("the court finds that it will award attorneys' fees for that time spent on the previous action").

The same reasoning and award of attorneys' fees has also been applied by U.S. appellate and district courts outside of the Eleventh Circuit. *See, e.g., Evans v. Safeway Stores, Inc.*, 623 F.2d 121, 122 (8th Cir. 1980) (allowing for the recovery of fees as "costs" under Rule 41(d)); *Meredith v. Stovall*, 2000 U.S. App. LEXIS 14553, at *2 (10th Cir. June 23, 2000) (affirming the district court's award of costs and attorney's fees to the defendants under Fed. R. Civ. P. 41(d)) (unpublished); *Zucker v. Katz*, 1990 U.S. Dist. LEXIS 1748, at *7 (S.D.N.Y. Feb. 21, 1990) (granting attorneys' fees under Rule 41(d)).

In accordance with the foregoing litany of legal authorities, this Court should find that attorneys' fees are recoverable as "costs" under Fed. R. Civ. P. 41(d).

**B. Plaintiff's Conduct in Dismissing *ILC Dover I* and Subsequently Refiling the Same Lawsuit Satisfies the Requirements of Fed. R. Civ. P. 41(d), and the Circumstances of this Case Warrant an Award of Costs to Prevent Prejudice to the Defendant.**

After finding that attorneys' fees are recoverable "costs" under Fed. R. Civ. P. 41(d), the only remaining issue is whether Plaintiff's conduct in dismissing *ILC Dover I*, and subsequently refiling the same lawsuit against the Defendant, warrants an award of costs to prevent prejudice to

---

[3] Notably, however, in the context of a different subsection of Rule 41 [*i.e.* Rule 41(a)(2)], the 11th Circuit has held that "[c]osts may include all litigation-related expenses incurred by the defendant, including reasonable attorneys' fees." *McCants v. Ford Motor*, 781 F.2d 855, 860 (11th Cir. 1986).

3

the Defendant. *See Esquivel v. Arau*, 913 F. Supp. 1382, 1388 (C.D. Cal. 1996) (in deciding to issue an award to the defendant, "the court should simply assess whether a plaintiff's conduct satisfies the requirements of Rule 41(d), and whether the circumstances of the case warrant an award of costs to prevent prejudice to the defendant."). As detailed immediately below, both factors are met, and Defendant's attorneys' fees stemming from *ILC Dover I* should be awarded.

1. Plaintiff's Conduct in Dismissing *ILC Dover I* and Subsequently Refiling the Same Lawsuit Satisfies the Requirements of Fed. R. Civ. P. 41(d).

The text of Fed. R. Civ. P. 41(d) sets forth only two (2) factors to consider in whether to award costs. The first is whether Plaintiff "has once dismissed an action in any court…". Fed R. Civ. P. 41(d). As reflected on the docket in *ILC Dover I*, this factor is met because Plaintiff stipulated to a dismissal of that action on February 13, 2020. [*See* D.E. 38 in *ILC Dover I*].

The second factor is whether Plaintiff subsequently "commence[d] an action based upon or including the same claim or claims against the same defendant…". Fed R. Civ. P. 41(d). In order for this factor to be met, "the parties must be the same in both actions and the claims in the new action must be the same or based upon the same claims in the first action." *Moskowitz v. Am. Sav. Bank, F.S.B.*, 2017 U.S. Dist. LEXIS 179303, at *4 (D. Haw. Oct. 30, 2017). Here, there can be no dispute that the parties in the instant case are the same plaintiff and defendant as in *ILC Dover I*. Furthermore, the claims are indisputably identical. In the *ILC Dover I* complaint, there were a total of nine (9) counts alleging direct, contributory, and induced infringement of United States Patent Nos. 9,453,314; 9,453,316; and 9,303,423 (which the Plaintiff did not and does not own). *See* **Exhibit A** (*ILC Dover I*, Complaint). The <u>identical claims</u> are set forth in the Amended Complaint in the instant case, albeit in a different order than the *ILC Dover I complaint* (*see* **Exhibit B**). For ease of reference, the exact counts are linked together in the chart below.

4

| *ILC Dover I*, Complaint (Exhibit A) | Instant Case, Amended Complaint (Exhibit B) |
|---|---|
| **COUNT 1**: "Direct Infringement of the '316 Patent pursuant to 35 U.S.C. § 271 (a))" | **COUNT 4**: 'Direct infringement of the '316 patent pursuant to 35 U.S.C. § 271(a)" |
| **COUNT 2**: "Indirect infringement of the '316 Patent by inducing others to infringe the '316 Patent pursuant to 35 U.S.C. § 271 (b)" | **COUNT 5**: "Induced infringement of the '316 patent pursuant to 35 U.S.C. § 271(b)" |
| **COUNT 3**: "Indirect Infringement by offering to sell and/or selling a component of a manufacture or combination contributing to the infringement of the '316 Patent pursuant to 35 U.S.C § 271 (c)" | **COUNT 6**: "Contributory infringement of the '316 patent pursuant to 35 U.S.C § 271(c)" |
| **COUNT 4**: "Direct Infringement of the '423 Patent pursuant to 35 U.S.C. § 271 (a)" | **COUNT 7**: "Direct infringement of the '423 patent pursuant to 35 U.S.C. § 271(a)" |
| **COUNT 5**: "Indirect infringement of the '423 Patent by inducing others to infringe the '423 Patent pursuant to 35 U.S.C. § 271 (b)" | **COUNT 8**: "Induced infringement of the '423 patent pursuant to 35 U.S.C. § 271(b)" |
| **COUNT 6**: "Indirect Infringement by offering to sell and/or selling a component of a manufacture or combination contributing to the infringement of the '423 Patent pursuant to 35 U.S.C § 271 (c)" | **COUNT 9**: "Contributory infringement of the '423 patent pursuant to 35 U.S.C § 271(c)" |
| **COUNT 7**: "Direct Infringement of the '314 Patent pursuant to 35 U.S.C. § 271 (a)" | **COUNT 1**: "Direct Infringement of the '314 Patent pursuant to 35 U.S.C. § 271 (a)" |
| **COUNT 8**: "Indirect infringement of the '314 Patent by inducing others to infringe the '314 Patent pursuant to 35 U.S.C. § 271 (b)" | **COUNT 2**: "Induced infringement of the '314 patent pursuant to 35 U.S.C. § 271(b)" |
| **COUNT 9**: "Indirect Infringement by offering to sell and/or selling a component of a manufacture or combination contributing to the infringement of the '314 Patent pursuant to 35 U.S.C § 271 (c)" | **COUNT 3**: "Contributory infringement of the '314 patent pursuant to 35 U.S.C § 271(c)" |

Accordingly, all of the factors under Fed. R. Civ. P. 41(d) are met because Plaintiff dismissed *ILC Dover I*, the Plaintiff and Defendant were parties in that prior action, and Plaintiff filed a substantively identical Complaint in this action. *See Moskowitz v. Am. Sav. Bank, F.S.B.*, 2017 U.S. Dist. LEXIS 179303, at *4 (D. Haw. Oct. 30, 2017) ("The Court, exercising its discretion, finds that FRCP 41(d) applies here because (1) Plaintiff dismissed his previous action, *Moskowitz I*; (2) both Plaintiff and Defendant were parties in the previous action; and (3) Plaintiff has filed a substantively identical Complaint in this action.").

    2. <u>The Circumstances Warrant an Award of Costs to Prevent Prejudice to the Defendant</u>.

5

> a. *Costs Should Be Awarded Because Plaintiff Had No Basis Under Fed. R. Civ. P. 11 to Bring ILC Dover I, and Conceded as Much by Dismissing That Action.*

It is axiomatic that "a plaintiff needs to investigate its claims before filing suit so as not to waste the parties' and the courts' time;" Plaintiff nevertheless violated that principle with the filing of *ILC Dover I*. *Piderit Corp. v. Hartford Cas.*, 2014 U.S. Dist. LEXIS 193062, at *9 (S.D. Fla. Apr. 9, 2014). Particularly in patent infringement claims, a plaintiff must have ownership of the subject matter (*i.e.* the patents-in-suit) before initiating a lawsuit. *See Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1363-64 (Fed. Cir. 2010) (citing *Lujan*, 504 U.S. at 560-71 and *Keene Corp. v. United States*, 508 U.S. 200, 207 (1993)). Here, Plaintiff has wedged itself into the proverbial "catch-22" situation, such that the instant motion should be granted regardless of whether this Court grants Defendant's pending Rule 12(b)(1) motion. More specifically, an order granting Defendant's 12(b)(1) motion would only emphasize the baseless nature of the patent claims asserted in *ILC Dover I*, and underscore the fact that even after Plaintiff attempted to cure the defects in ownership vis-à-vis the patents-in-suit, Plaintiff failed to do so. Alternatively, an order denying Defendant's 12(b)(1) motion would necessarily require Plaintiff to admit that it never had standing in *ILC Dover I*, but nevertheless successfully cured the defects in the chain-of-title such that Plaintiff now owns the patents-in-suit in the instant action.

Under either scenario, one fact remains clear: **Plaintiff had no standing to bring any claims for patent infringement in *ILC Dover I***. Thus, an award of costs (including attorneys' fees) is appropriate to remedy or offset the prejudice Defendant suffered as a result of the baseless claims asserted in the prior lawsuit.

> b. *Costs Should Be Awarded Because Plaintiff's Dismissal of ILC Dover I, and Then Bringing the Same Action One Month Later, Equates to Abusive Conduct.*

"Rule 41(d)'s requirement for payment of 'costs' by a plaintiff who dismisses an action and then brings the same action again evinces a legislative presumption that such conduct is abusive *per se*." *Esquivel v. Arau*, 913 F. Supp. 1382, 1391 (C.D. Cal. 1996). In addition to its abusive *per se* conduct, Plaintiff's decision to dismiss *ILC Dover I*, and then re-file the same causes of action against the Defendant the following month, evidences a showing of bad faith.[4]

---

[4] It is significant, however, that a showing of bad faith is ***not*** required under Fed. R. Civ. P. 41(d). *See Loubier v. Modern Acoustics*, 178 F.R.D. 17, 22 (D. Conn. 1998) ("There is no requirement

6

Here, with full knowledge of its inability to bring the claims asserted in *ILC Dover I*, the Plaintiff dismissed that prior action, attempted to plug the holes in its lack of standing, and then re-filed the instant case a month later. Those procedural events warrant an award of costs, including attorneys' fees, in favor of the Defendant.

As its only possible excuse for such abusive *per se* conduct, Plaintiff may argue that because Article III standing was clearly lacking in *ILC Dover I*, it should instead be applauded for dismissing the prior action, so as not to further squander the resources of the Defendant or this Court. That argument should be rejected, for the same reason that it was in *Loubier v. Modern Acoustics*, 178 F.R.D. 17 (D. Conn. 1998). In that case, the plaintiffs similarly admitted "that the prior action was brought by less than all of the trustees required to be named as plaintiffs pursuant to the trust documents." *Id*. at 22. After the plaintiff subsequently re-filed suit, and in response to defendant's Rule 41(d) motion, plaintiffs claimed "that they should be 'applauded' for voluntarily dismissing the prior action, thus promoting the interests of judicial economy." *Id*. Rather than "applauding" the plaintiffs, the court instead granted defendant's Rule 41(d) motion, finding that plaintiffs' "mistake [] was readily discoverable by plaintiff-trustees through a careful reading of the trust documents…[m]oreover, ***it is the plaintiffs' responsibility to ensure that a court has subject matter jurisdiction before filing suit***." *Id*. Accordingly, the court awarded the defendant its "costs, including attorney's fees," and encouraged the parties "to reach an agreement as to reasonable costs and attorneys' fees to be awarded, but if such an agreement cannot be reached," the court directed the defendants "to submit an itemized statement of fees and costs, supported by sworn affidavits, within 30 days of the date of this ruling." *Id*. at 23. Defendant respectfully requests this Court to apply the same analysis, and issue an identical ruling here.

   c. *Costs Should Be Awarded Because Plaintiff Has Attempted to Gain a Tactical Advantage by Dismissing ILC Dover I, and Then Refiling the Same Suit.*

One of the purposes behind Fed. R. Civ. P. 41(d) is "to prevent attempts to 'gain any tactical advantage by dismissing and refiling the suit.'" *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 874 (6th Cir. 2000) (internal citation omitted). Types of tactical advantages include efforts to "wipe the slate clean" by dismissing a prior action, and subsequently refiling suit against the same defendant based on the same claims. *See Rayford v. Sirchie Finger*, 2010 WL 276162, *2 (W.D.

---

in Rule 41(d) or the relevant caselaw that a defendant must show bad faith on the part of the plaintiff in order to recover costs.").

Tenn. Jan. 15, 2010) (where the plaintiff "dismissed her previous claim only after the Court excluded her expert disclosure and expert witness," but then chose to re-file "a nearly identical complaint," the court found that plaintiff's "decision to dismiss her previous case was an attempt to 'wipe the slate clean and . . . gain a tactical advantage.'").

It is well-settled that subject matter jurisdiction "must exist at the time that a suit is filed." *United Phosphorus Ltd. v. Angus Chem. Co.*, 43 F. Supp. 2d 904, 910-11 (N.D. Ill. 1999); *see also Breckenridge Pharm., Inc. v. Everett Labs., Inc.*, 2009 U.S. Dist. LEXIS 18795, at *8 (S.D. Fla. Mar. 11, 2009) ("The Court must determine the presence or absence of jurisdiction on the facts existing at the time the complaint under consideration was filed."). With respect to *ILC Dover I*, it is undisputed that subject matter jurisdiction did ***not*** exist at the time that lawsuit was filed; to be sure, if subject matter jurisdiction had existed, Plaintiff would not have dismissed that action. Thus, and just like the plaintiff in *Crooksville* "obtained a tactical advantage by dismissing and refiling its case in order to obtain a new discovery period that it would not otherwise have had," the Plaintiff in the instant case obtained a tactical advantage by dismissing *ILC Dover I* and refiling this action in an attempt to obtain Article III standing that it would not otherwise have had in the prior action.[5] Although Plaintiff nevertheless failed to cure its lack of standing – as fully addressed in Defendant's Rule 12(b)(1) motion – Plaintiff's attempt to "wipe the slate clean" does not unwind the prejudice Defendant suffered from the prior lawsuit. Costs, including attorney's fees, under Fed. R. Civ. P. 41(d) should be awarded.

> d. *Attorneys' Fees Should be Awarded to the Defendant in Order to Advance the Policy Interests and Intent of Fed. R. Civ. P. 41(d).*

Next, Defendant respectfully submits that unless it is permitted to recover its attorneys' fees and costs from *ILC Dover I*, the policy and intent of Fed. R. Civ. P. 41(d) would be rendered meaningless. In fact, as one district court within the Eleventh Circuit noted, "[t]o interpret 'costs' in Rule 41(d) to exclude attorney's fees would render that Rule a dead letter, eliminating any deterrence it would provide." *Cadle Co. v. Beury*, 242 F.R.D. 695, 698 (S.D. Ga. 2007). And as observed by the court in *Esquivel*:

> [I]f Rule 41(d)'s purpose is to prevent undue prejudice to a defendant from unnecessary or vexatious litigation, there does not seem to be a clear reason why Rule 41(d) would provide only for an award of costs *exclusive* of

---

[5] *Crooksville Fam. Clinic v. Quest Diagnostics*, 2017 U.S. Dist. LEXIS 228918, at *5 (S.D. Ohio June 8, 2017) (granting the defendant's Rule 41(d) motion).

8

>attorneys' fees, since the typical defendant cannot adequately defend a case without incurring such fees.

*Esquivel v. Arau*, 913 F. Supp. 1382, 1391 (C.D. Cal. 1996).

Through the instant motion, Defendant is seeking only *entitlement* to an award of costs and attorneys' fees. ***The prejudice to the Defendant is substantial, as the attorneys' fees and costs it incurred in the defense of ILC Dover I were an approximate $319,827.90***, the substantial majority of which (an approximate 80 to 90%) was for attorney's fees.[6] Therefore, to deny Defendant its attorneys' fees stemming from over seven (7) months of frivolous litigation – in a lawsuit which Plaintiff concedes that it never had standing to bring – would negate the protections afforded to defendants under Rule 41(d).

Consistent with that rationale, and in examining protections provided for under Rule 41(d), the court in *Behrle* found that "[s]urely, Congress intended that that provision of the federal rules have some 'teeth…'" *Behrle v. Olshansky*, 139 F.R.D. 370, 374 (W.D. Ark. 1991). "Assuming that there must be some fairness in the law," the *Behrle* court held that awarding the defendant a mere $447.75 in costs (excluding attorneys' fees) from the prior action "simply can't be the law." *Id*. at 373. For the same reason here, Defendant should be awarded its attorneys' fees from *ILC Dover I*. Absent such a ruling, the Rule 41(d) "provision has no 'teeth' and is useless." *Id*.

>e. Costs Should Be Awarded Because, in the Dismissal Documents Filed in <u>ILC Dover I</u>, Defendant Specifically Preserved its Right to Seek Relief Under Fed. R. Civ. P. 41(d), and Expressed Its Intent to Seek Reimbursement of All Costs if Plaintiff Re-Filed Suit Against the Defendant.

The Eleventh Circuit has recognized that Fed. R. Civ. P. 41 serves "primarily to prevent voluntary dismissals which unfairly affect the other side,"[7] and that in reviewing a request to dismiss a lawsuit without prejudice, the district court "***should bear in mind principally the interests of the defendant, for it is the defendant's position that the court should protect.***" *McCants v. Ford Motor Co.*, 781 F.2d 855, 856 (11th Cir. 1986) (emphasis added). Keeping with that mandate, this Court should reject any argument by the Plaintiff pertaining to the order of dismissal in *ILC Dover I*. More specifically, and as Plaintiff conveyed during the parties' meet-

---

[6] What is more, that amount does not even take into account the distraction, time, and resources that the Defendant's representatives had to devote in defending the baseless *ILC Dover I* lawsuit, expenditures that the Defendant may never be able to recoup.

[7] *Sargeant v. Hall*, 951 F.3d 1280, 1287 (11th Cir. 2020).

9

and-confer discussions, Plaintiff contends that the order of dismissal in *ILC Dover I* stated that the case was "dismissed without prejudice, [with] each party to bear its own attorneys' fees and costs."[8] Therefore, Plaintiff contends, Defendant is foreclosed from seeking its costs and attorneys' fees under Rule 41(d) stemming from *ILC Dover I*. Plaintiff is incorrect for several reasons.

*First,* Defendant's entitlement to attorneys' fees and costs under Fed. R. Civ. P. 41(d) was not triggered by the Dismissal Order, but rather upon the filing of a subsequent action "based on or including the same claim against the same defendant," as is the case here. Leaving any doubt aside, this ***same*** argument advanced by the Plaintiff was made, and rejected, in *Sargeant v. Maroil Trading, Inc.*, 2018 U.S. Dist. LEXIS 171084 (S.D. Fla. Oct. 1, 2018). There, and in opposition to the defendants' motions under Rule 41(d), the plaintiff pointed to the fact that U.S. District Judge Bloom had entered an order of dismissal of the prior action, noting that "'[e]ach party shall bear its own attorneys' fees and costs.'" *Id*. at *3. Thus, the plaintiff argued, defendants' Rule 41(d) motions were effectively "motions to reconsider the District Court's Dismissal Order, which required each party to bear its own fees and costs." *Id*. In plain terms, "[t]he Court reject[ed] this argument." *Id*. The court's reasoning was that "[a]t the time of Judge Bloom's Order, there was no legal basis for [the defendants] to seek fees and costs under Rule 41(d). [Plaintiff] had not yet filed a second action arising from the same facts and alleging overlapping claims to the first action." *Id*. The ruling in *Sargeant* is squarely on point with the instant case, since at the time of the dismissal order, Plaintiff had not yet filed the instant action based upon the same allegations and overlapping claims as *ILC Dover I*.[9]

*Second*, Plaintiff's argument is not only expressly refuted by *Sargeant*, but also by the ruling in *Moskowitz v. Am. Sav. Bank, F.S.B.*, 2017 U.S. Dist. LEXIS 179303 (D. Haw. Oct. 30, 2017). There, the defendant sought attorneys' fees and costs under Rule 41(d) as a result of the plaintiff having filed an identical action "in the U.S. District Court for the District of Connecticut - *Moskowitz v. American Savings Bank, F.S.B.*, Civil No. 3:17-00307 AWT ('Moskowitz I')…" *Id*. at *1. The magistrate judge entered a report and recommendation finding that defendant was entitled to approximately $19,000.00 in "costs" (including attorneys' fees) under Rule 41(d), which was ultimately adopted by the district court. *See Moskowitz v. Am. Sav. Bank, F.S.B.*, 2017

---

[8] *See* [D.E. 39] in *ILC Dover I*.
[9] Only to the extent necessary, Defendant also moves for reconsideration of that dismissal order based upon the newly-available evidence, to wit, the existence of the instant action.

U.S. Dist. LEXIS 211537, at *4 (D. Haw. Dec. 26, 2017). Significantly, the defendant was awarded its "costs" ***even though the district court in Moskowitz I entered an order stating: 'The case is DIMISSED without prejudice and without costs to any party."*** *See* **Exhibit C**.

*Third*, and with the utmost respect and deference to the Court's orders in *ILC Dover I*, Defendant submits that the February 13, 2020 "order of dismissal" was nevertheless a legal nullity, which therefore moots the Plaintiff's entire argument. As reflected in the docket, the Plaintiff and Defendant stipulated to the dismissal of *ILC Dover I* pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). *See ILC Dover I* at [D.E. 38]. Accordingly, that stipulation was self-executing and dismissed the case immediately upon filing, which divested the Court of jurisdiction. This rule is controlling under the Eleventh Circuit's opinion in *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272 (11th Cir. 2012), which first recognized that most of its "sister circuits have directly or implicitly found, in published and unpublished opinions, that a stipulation filed under Rule 41(a)(1)(A)(ii) is self-executing and dismisses the case upon filing." *Id.* at 1277.[10] Following suit, the Eleventh Circuit held that after the parties file a stipulation of dismissal under Rule 41(a)(1)(A)(ii), "[d]istrict courts ***need not and may not*** take action after the stipulation becomes

---

[10] *See also Gambale v. Deutsche Bank*, 377 F.3d 133, 139 (2d Cir. 2004) ("Generally . . . a plaintiff's filing in the district court of a stipulation of dismissal signed by all parties pursuant to Rule 41(a)(1)(A)(ii) divests the court of its jurisdiction over a case, irrespective of whether the district court approves the stipulation."); *Kabbaj v. Am. Sch. of Tangier*, 445 F. App'x 541, 544 (3d Cir. 2011) (per curiam) ("A dismissal under Rule 41(a)(1)(A)(ii) is automatic; it does not require judicial approval." (citing *First Nat'l Bank of Toms River v. Marine City, Inc.*, 411 F.2d 674, 677 (3d Cir. 1969))); *Green v. Nevers*, 111 F.3d 1295, 1301 (6th Cir. 1997) (noting that a "properly stipulated dismissal under Rule 41(a)(1)[(A)](ii) is self-executing and does not require judicial approval . . . ."); *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 624 (7th Cir. 2007) ("[U]nder Rule 41(a)[(1)(A)(ii)], the dismissal was effective immediately upon the filing of the Stipulation . . . "); *Gardiner v. A.H. Robins Co.*, 747 F.2d 1180, 1189 (8th Cir. 1984) (recognizing that the entry of a stipulation under Rule 41(a)(1)(A)(ii) is effective automatically and does not require judicial approval); *De Leon*, 659 F.3d at 1284 (characterizing a Rule 41(a)(1)(A)(ii) dismissal as self-executing); *In re Wolf*, 842 F.2d 464, 466, 268 U.S. App. D.C. 468 (D.C. Cir. 1988) (per curiam) ("'[C]aselaw concerning stipulated dismissals under Rule 41(a)(1)[(A)](ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval.'" (quoting *Gardiner*, 747 F.2d at 1189)); *see also Marino v. Pioneer Edsel Sales, Inc.*, 349 F.3d 746, 752 n.1 (4th Cir. 2003) (noting that dismissals by stipulation pursuant to Rule 41(a)(1)(A)(ii) are not effectuated by court order); *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1077 (9th Cir. 1999) (noting, when discussing a Rule 41(a)(1)(A)(i) dismissal, that Rule 41(a)(1) dismissals are generally automatic and contrasting them with Rule 41(a)(2) dismissals).

effective because the stipulation dismisses the case and divests the district court of jurisdiction." *Id*. at 1278 (11th Cir. 2012) (emphasis added). Therefore, and under binding Eleventh Circuit precedent, the dismissal in *ILC Dover I* immediately served to dismiss the action, and to divest the court of jurisdiction. Plaintiff's argument is therefore unavailing, because it relies upon the language in the order of dismissal which has no force or effect. *See SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 463 (5th Cir. 2010) (stating that "a voluntary stipulation of dismissal under Rule 41(a)(1)(A)(ii) is effective immediately, [so] any action by the district court after the filing of such a stipulation can have no force or effect because the matter has already been dismissed").

*Fourth*, Defendant notes that in the operative dismissal documents filed in *ILC Dover I*, the parties expressly "***stipulate[d] and agree[d] that defendant has not waived any rights it may have under Federal Rule of Civil Procedure 41(d)*** by entering this stipulation and agreeing to dismiss this action without prejudice." [*See ILC Dover I* at D.E. 38 (emphasis added)]. To the extent such a reservation was necessary (and it was not, based on the case law discussed above), this demonstrates that the Defendant specifically preserved its right to seek relief under Rule 41(d), to the extent Plaintiff subsequently filed suit again. It also serves to demonstrate that both parties contemplated that the Defendant would pursue relief under Rule 41(d), should the Plaintiff re-file the action. Plaintiff's stipulation and agreement on the record provides a further reason to grant this Motion. In sum, Plaintiff was on notice that if it chose to ensnare the Defendant in continued baseless litigation, it would be liable for the costs and attorney's fees incurred by the Defendant in connection with *ILC Dover I*.

> f. *Although This Court Should Follow the Majority Rule That Attorneys' Fees are Recoverable Under Fed. R. Civ. P. 41(d), Even if the Minority Rule is Followed, Defendant Should Still Be Awarded its Attorneys' Fees Because the Statute Underlying Plaintiff's Causes of Action Provides for an Award of Fees*.

As demonstrated at the outset of this motion, district courts within the Eleventh Circuit have routinely held that attorneys' fees are recoverable "costs" under Fed. R. Civ. P. 41(d). While that majority view should be followed, even assuming that this Court adopts the minority approach, Defendant would *still* be entitled to an award of attorneys' fees. Indeed, under the minority view, "attorneys' fees are not a recoverable cost of litigation under Rule 41(d) unless the substantive statute which formed the basis of the original suit allows for the recovery of such fees as costs (or

12

unless such fees are specifically ordered by the court)." *Esposito v. Piatrowski*, 223 F.3d 497, 501 (7th Cir. 2000).

Preliminarily, and as noted by the court in *Moskowitz*, there is a compelling reason why this approach is in the minority and should not be followed:

> [A]dopting a rule that fees could only be awarded under FRCP 41(d) if the statute underlying the cause of action provides for them, would cause perverse results. It would allow plaintiffs whose conduct was intended to be deterred by FRCP 41(d) to escape fee awards simply because fees are unavailable with respect to the underlying claims. Given that the purpose of FRCP 41(d) is to deter vexatiousness and forum shopping and to protect defendants from the harassment of repeated lawsuits by the same plaintiff on the same claims, fees should not be predicated on the availability of fees as to the underlying claims. They should be predicated on whether or not a "plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant," as contemplated by FRCP 41(d).

*Moskowitz v. Am. Sav. Bank, F.S.B.*, 2017 U.S. Dist. LEXIS 179303, at *6-7 (D. Haw. Oct. 30, 2017). Notably, a district court within the 11th Circuit also disagreed with the minority view espoused in *Esposito. See Cadle Co. v. Beury*, 242 F.R.D. 695, 698 (S.D. Ga. 2007) ("This Court will not follow the… *Esposito* court's Rule 41(d) interpretation and instead holds that Rule 41(d) gives the Court discretion to grant attorney's fees, as it may deem proper, as part of the 'costs of the action previously dismissed.'").

Nevertheless, Defendant's attorneys' fees are still recoverable under the minority view because the substantive statute which formed the basis of the claims in *ILC Dover I* allows for the recovery of fees. Under the patent laws, and specifically 35 U.S.C. § 285, the defendant may be awarded its reasonable attorneys' fees under the conditions provided for in that statute.[11] *See Old*

---

[11] 35 U.S.C. § 285 provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." The minority view for purposes of the 41(d) analysis does not require an analysis of whether the Defendant *would have* been entitled to fees under the substantive statute which formed the basis of the claims in the first case. Instead, it only requires consideration of whether there exists a substantive statute that *could have* entitled the Defendant to fees in the first action. Regardless, the Defendant would no doubt have been entitled to fees, given the baseless nature of the case and the Plaintiff's lack of standing, particularly given the clarification of the standard for awarding fees under §285 in the Supreme Court's 2014 decision in *Octane Fitness*. *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 545 (2014) ("An 'exceptional' case, then, is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine

13

*Reliable Wholesale, Inc. v. Cornell Corp.*, 635 F.3d 539, 543 (Fed. Cir. 2011) (stating that under 35 U.S.C. § 285, a "district court is vested with authority to award attorney fees to a prevailing party in patent litigation"). Because the substantive statute for the claims asserted in *ILC Dover I* allows for the recovery of attorneys' fees, Defendant should be awarded its attorneys' fees and costs on that basis as well.

## II. Pursuant to Fed. R. Civ. P. 41(d), This Court Should Stay the Instant Proceeding Until All of Defendant's Attorneys' Fees and Costs are Paid by the Plaintiff.

In addition to awarding attorneys' fees, this Court also "has discretion to order a stay of the instant action pending plaintiff's payment of the costs and fees imposed under Rule 41(d)." *Esquivel v. Arau*, 913 F. Supp. 1382, 1393 (C.D. Cal. 1996).

Defendant has established that Plaintiff lacked standing to assert any of the claims in *ILC Dover I*. Despite dismissing that prior lawsuit and re-filing the instant action, Defendant's pending Rule 12(b)(1) motion demonstrates that the Plaintiff still has no standing to bring any of the asserted causes of action. Notwithstanding, and based upon the prejudice Defendant has sustained, this Court should stay the instant proceeding until Plaintiff has paid all of the Defendant's attorneys' fees and costs incurred in *ILC Dover I*. *See, e.g., Esquivel*, 913 F. Supp. at 1393 (granting defendants' motion for costs and staying proceedings pending payment by plaintiff to defendant because "the Court has discretion to order a stay of the instant action pending plaintiff's payment of the costs and fees imposed under Rule 41(d)."); *Cadle Co. v. Beury*, 242 F.R.D. 695, 699 (S.D. Ga. 2007) (directing plaintiff to pay defendants costs and staying litigation pending proof of payment because "Rule 41(d) affords the Court discretion to award attorney's fees as part of the 'costs of the action previously dismissed.'"); *Behrle v. Olshansky*, 139 F.R.D. 370, 374 (W.D. Ark. 1991) (stating that the court will enter an order staying proceedings until plaintiff pays costs and expenses to defendant and highlighting that "Rule 41(d) provides that 'if a plaintiff has once dismissed an action in any court, upon the commencement of an action including the same claim in a federal court, the court may require the payment of costs, including attorney's fees, of the previously dismissed action as a prerequisite to the filing of the action.'" (citing *Eager v. Kain*, 158 F. Supp. 222, 223 (E.D. Tenn. 1957)).

## III. Conclusion.

---

whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances.").

WHEREFORE, Defendant respectfully requests that this Court enter an order: (1) granting the instant motion; and (2) granting the Defendant *entitlement* to those costs (including attorneys' fees) that the Defendant incurred in *ILC Dover I* pursuant to Fed. R. Civ. P. 41(d).[12] In conjunction with such an order, Defendant requests that the Court adopt the approach taken in *Loubier v. Modern Acoustics*, 178 F.R.D. 17 (D. Conn. 1998), and issue similar instructions to the parties.[13] Lastly, and pursuant to Fed. R. Civ. P. 41(d), Defendant requests that the Court stay the instant proceedings until Plaintiff certifies that the amount of Defendant's costs (whether agreed to by the parties, or pursuant to a court order) have been paid to the Defendant, and that the Court grant the Defendant such other and further relief that is just and proper.

**CERTIFICATE OF CONFERRAL –
CONFERRED BUT UNABLE TO RESOLVE**

Pursuant to Local Rule 7.1(a)(3), counsel for the movant conferred with Plaintiff's counsel telephonically on May 13, 2020, and in a good faith effort to resolve the issues raised in this motion. Plaintiff's counsel confirmed that Plaintiff opposes the instant motion, and therefore the parties were unable to resolve the issues and relief sought herein.

Respectfully submitted,

Dated: June 15, 2020

Jonathan Woodard
John Cyril Malloy, III
Florida Bar No. 964,220

---

[12] Defendant notes that Local Rule 7.3 permits a party seeking "an award of attorneys' fees and/or non-taxable expenses and costs arising from the entry of a final judgment or order" to file a motion "to determine entitlement prior to submission on the issue of amount." S.D. Fla. L.R. 7.3(a). However, that rule is inapplicable, because a motion for costs under Rule 41(d) does not arise out of a final judgment or order, but instead from Plaintiff having filed the same lawsuit against the same Defendant. Notwithstanding, and as is accepted in the Southern District of Florida, if this Court finds *entitlement* to costs under Fed. R. Civ. P. 41(d), it is appropriate for the Defendant to submit a further motion to set the amount of fees and costs to be awarded, in compliance with Local Rule 7.3. *See, e.g., NF Imp. & Exp., Inc. v. Via Mat Int'l AG*, 2012 U.S. Dist. LEXIS 199140, at *16 (S.D. Fla. Aug. 3, 2012) (after finding entitlement under Rule 41(d), the magistrate recommended "that the Defendant Via Mat International AG be required to file a Motion to Determine the Amount of the Award, in compliance with the requirements of Local Rule 7.3.").

[13] In *Loubier v. Modern Acoustics*, 178 F.R.D. 17 (D. Conn. 1998), and awarding the defendant its "costs, including attorney's fees" under Rule 41(d), the court encouraged the parties "to reach an agreement as to reasonable costs and attorneys' fees to be awarded, but if such an agreement cannot be reached," the court directed the defendants "to submit an itemized statement of fees and costs, supported by sworn affidavits, within 30 days of the date of this ruling." *Id*. at 23.

jcmalloy@malloylaw.com
Oliver Alan Ruiz
Florida Bar No. 524,786
oruiz@malloylaw.com
Jonathan Woodard
Florida Bar No. 0096553
jwoodard@malloylaw.com
MALLOY & MALLOY, P.L.
2800 S.W. Third Avenue
Miami, Florida 33129
Telephone (305) 858-8000
Facsimile (305) 858-0008
*Counsel for Defendant*