# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ILC DOVER, LP, | ) |
| | ) |
| Plaintiff, | ) Case No.:_____ |
| | ) |
| v. | ) |
| | ) |
| FLOODBARRIER Inc., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, ILC Dover, LP ("ILC Dover") files this Complaint for patent infringement against FloodBarrier, Inc. (defendant or "FloodBarrier") and alleges as follows:

## THE PARTIES

1. ILC Dover, LP, is a limited partnership registered with the State of Delaware, with its principal place of business at 1 Moonwalker Road, Frederica, Delaware 19946-2080.

2. FloodBarrier, Inc., is a For Profit corporation of Florida, having its principal place of business at 7314 NW 46th Street, Miami, Florida 33166, and may be served through its Registered Agent, Guy Hamilton at 7314 NW 46th Street, Miami, Florida, 33166.

## JURISDICTION AND VENUE

3. This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*, and this Court has original jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331 and 1338.

4. Venue is proper in this Court pursuant to 28 U. S. C. §§ 1391 (b) and (c) and/or 1400 (b).

4829-7126-1083.1
49359688;4

5. This Court has personal jurisdiction over defendant because defendant has its principal place of business in this District and has infringed, and/or induced and/or contributed to patent infringement, and continues to do so, in this District.

## ILC DOVER'S INNOVATIONS

6. International Latex Corporation, which supported American efforts in World War II with latex products such as attack boats, life rafts, and canteens, was formed in 1932. In 1947, the International Latex Corporation split into four divisions, one of which eventually became ILC Dover.

7. ILC Dover's earliest work was on high-altitude pressure helmets and high-altitude pressure suits for the U.S. Navy and Air Force. In 1965, ILC Dover was awarded the prime contract for the Apollo Lunar Space Suit, and successfully designed and manufactured the suit worn by astronauts in the Apollo program, including Neil Armstrong during the first moonwalk.

8. In 1974, when the Skylab program ended, ILC Dover diversified into other product offerings based on their expertise in soft goods, such as aerostats for the U.S. Air Force, and personal protective equipment, including military chemical, biological, radiological and nuclear (CBRN) masks and hoods, including the M40/M42 masks which became the standard field masks of the U.S. Army, with over 2 million sold as of 2010.

9. In 1994, NASA's Jet Propulsion Laboratory contracted ILC Dover to develop and manufacture the airbag landing system for the Mars Pathfinder Mission, which successfully cushioned Pathfinder's landing on July 4, 1997.

10. Also during the 1990s, ILC Dover entered the pharmaceutical industry with the design and production of flexible containment systems used to improve operator safety and ensure product purity during the manufacturing processing of potent pharmaceutical agents.

11. Since the early 1970s, ILC Dover has been designing and manufacturing softgoods structures for aerostats, airships, blimps and other lighter-than-air ("LTA") structures, and is the world's largest producer of modern aerostat and airship envelopes.

12. ILC Dover saw the need for protecting against flooding events, such as that occasioned by Hurricane Sandy in 2012, as an area in which its expertise of flexible materials could provide benefit, especially, but not limited to, in New York City, which was especially hard hit by Sandy.

13. ILC Dover developed various flood safeguard products and systems based on flexible materials which were unique and for which it was awarded U.S. Patent numbers 9,303,423; 9,453,314; 9,453,316; and 9,598,851.

14. ILC Dover is currently selling its own flood safeguard products that embody the inventions protected by its patents and is in a position to satisfy the full amount of market demand for flood safeguard products.

15. In commercially promoting its flood safeguard products, including those falling within at least one claim of the asserted patents in this Complaint, ILC Dover responded to requests for bids from the Port Authority of New York and New Jersey (hereinafter "Port Authority"), which services the greater New York City, State of New York locations.

16. As part of that bidding process, ILC Dover became aware of the locations and types of potential flood areas, buildings and zones of a building, such as the door, that the Port Authority wished to protect.

17. The Port Authority, in Section 10711 of the Port Authority's requirement's package that covers flood barriers, titled "FLOOD BARRIER ASSEMBLIES", Part 2 – Products, in section 2.01 Titled "MANUFACTURERS" required contractors to "provide

products indicated or comparable products by one of the following: 1. ILC Dover LP, Frederica, DE."

## ILC DOVER'S ASSERTED PATENTS

18. On September 27, 2016, U.S. Patent number 9,453,316 (the "'316 Patent"), titled EXTENDIBLE FLEXIBLE FLOOD BARRIER, was lawfully issued by the United States Patent and Trademark Office. A true and correct copy of the '316 Patent is attached to this Complaint as Exhibit 1.

19. All rights, title and interest in the '316 Patent has been assigned to ILC Dover, who is the sole owner of the '316 Patent, and has been the sole owner of the '316 Patent since its issuance.

20. The '316 Patent is generally directed to an extendible flood barrier that can be deployed from a folded or rolled-up position to an extended position, in order to span an area subjected to possible flooding, where the extendible flood barrier is made of a flexible material, including at least one membrane component.

21. On April 5, 2016, U.S. Patent number 9,303,423 (the "'423 Patent"), titled DEPLOYABLE FLEXIBLE FLOOD MITIGATION DEVICE, was lawfully issued by the United States Patent and Trademark Office. A true and correct copy of the '423 Patent is attached to this Complaint as Exhibit 2.

22. All rights, title and interest in the '423 Patent has been assigned to ILC Dover, who is the sole owner of the '423 Patent, and has been the sole owner of the '423 Patent since its issuance.

23. The '423 Patent is also generally directed to an extendible flood barrier or door that can be deployed from a folded or rolled-up position to an extended position, in order to span

an area subjected to possible flooding, where the extendible flood barrier is made of a flexible material, including at least one membrane component.

24. On September 27, 2016, U.S. Patent number 9,453,314 (the "'314 Patent), titled, DEPLOYABLE FLEXIBLE FLOOD MITIGATION WALL, was lawfully issued by the United States Patent and Trademark Office. A true and correct copy of the '314 Patent is attached to this Complaint as Exhibit 3.

25. All rights, title and interest in the '314 Patent has been assigned to ILC Dover, who is the sole owner of the '314 Patent, and has been the sole owner of the '314 Patent since its issuance.

26. The '314 Patent is generally directed to a deployable flexible fluid retention wall system, including a membrane flexible wall and posts which support the flexible wall, where the components of the system are stowed in a trench before deployment.

27. The '316 Patent, the '314 Patent and the '423 Patent are referred to jointly in this Complaint as the "asserted patents."

### ILC DOVER'S NOTICE OF INFRINGEMENT TO DEFENDANT

28. Defendant is well aware of ILC Dover's asserted patents, and have continued infringing activity despite this knowledge.

29. On August 16, 2018, ILC Dover gave written Notice to defendant of ILC Dover's rights in its patents, including the asserted patents, and warned defendant that ILC Dover may seek the assistance of the federal courts to enforce those rights.

### FLOODBARRIER'S PRODUCTS

30. Defendant has made, offered for sale and, on information and belief, used and delivered, flexible, extendible flood barrier products to potential customers, including customers

supporting the flood prevention or mitigation efforts of the Port Authority. Recently, FloodBarrier has posted on its website, https://floodbarrier.com/flex-membrane/, some of its products titled "Flexible Flood Membrane Systems" touting "the easiest, lightest a [sic; and] fastest to deploy …. membrane systems." A true and correct copy of written description and photographs from this website is attached as Exhibit 4.

31. Defendant's website describes its membrane system as a combination of a textile material and coating thereon by the following description "based on [manufacturer's fiber trademark omitted] a UV Stable lightweight ultra-strong fiber woven to FloodBarrier specifications and coated to ensure a long-term waterproof material." Defendant further describes this combination of textile material and coating as being "[M]ated with ultra strong metal materials with known engineering, this is the best flexible membrane for your needs."

32. The photographs on defendant's website (pages 2 and 3 of 8 in Exhibit 4) show this membrane system deployed as a flexible wall, with the membrane attached at its ends to vertically extending anchor and receiving posts, thereby erecting the membrane as a flexible wall.

33. The photograph on page 2 of 8 of Exhibit 4 illustrates the skirt (the extension of defendant's flexible wall) secured by an anchor; while the photograph also shows that the wall is attached to the posts with mounting plates.

34. The written description on FloodBarrier's Website, under the heading "Installation" on page 4 of 8 describes that FloodBarrier also "offer vertical, side and overhead deployment systems…"

# COUNT 1

(Direct Infringement of the '316 Patent pursuant to 35 U.S.C. § 271 (a))

35. ILC Dover repleads paragraphs 1-34 as though fully set forth herein.

36. FloodBarrier directly infringes, either literally or under the doctrine of equivalents, at least claims 1, 2, 5, 6 and 18 of the '316 Patent by making, using, offering for sale and/or selling its Flexible Flood Membrane Systems within the United States without the authority of ILC Dover, the flexible membrane systems depicted and described on its website which contain the elements of claim 1, including an extensible (deployable) flexible flood barrier, wherein the flexible material includes a woven material (textile) and coating thereon to ensure a long-term waterproof material. The photograph on page 3 of 8 of Exhibit 4 depicts the flexible flood membrane as anchored on right and left hand vertical posts with mounting plates, as well as depicting a ground skirt (the lower portion of the vertical wall) also anchored horizontally with respect to the vertically positioned wall. Although the storage container for the flexible flood barrier is not depicted in the photograph, defendant describes the containers on the website under the "Installation" section as "our flexible membranes practically deploy themselves. We offer vertical, side and overhead deployments systems."

37. By reason of FloodBarrier's infringement of the '316 Patent, ILC Dover has been damaged and seeks monetary compensation for its damage in an amount to be proven at trial, but not less than a reasonable royalty.

38. ILC Dover has lost, and is continuing to lose, market share of the extensible, flexible flood barrier as a direct cause of FloodBarrier's infringing activities and FloodBarrier will continue to directly infringe the '316 Patent unless enjoined by this court.

## COUNT 2

(Indirect infringement of the '316 Patent by inducing others to infringe the '316 Patent pursuant to 35 U.S.C. § 271 (b))

39. ILC Dover repleads paragraphs 1-34 as though fully set forth herein.

40. Based on information and belief, FloodBarrier is knowingly instructing and encouraging its customers, purchasers, users and others receiving components from FloodBarrier of the patented combination of at least claims 1, 2, 5, 6 and 18 of the '316 Patent, by providing the membranes described on its website (Exhibit 4) to prime contractors, such as those supporting the Port Authority's requirements for flood protection, with instructions, drawings, guidelines and other information to actively induce the contractors to install, operate, make, use and sell the membranes to the Port Authority and infringe at least claims 1, 2, 5, 6 and 18 of the '316 Patent in the United States without the authority of ILC Dover.

41. By reason of FloodBarrier's inducing infringement of the '316 Patent by others, ILC Dover has been damaged and seeks monetary compensation for its damage in an amount to be proven at trial, but not less than a reasonable royalty.

42. ILC Dover has lost, and is continuing to lose, market share of the extensible, flexible flood barrier as a direct cause of FloodBarrier's infringing activities and FloodBarrier will continue to indirectly infringe the '316 unless enjoined by this Court.

## COUNT 3

(Indirect Infringement by offering to sell and/or selling a component of a manufacture or combination contributing to the infringement of the '316 Patent pursuant to 35 U.S.C § 271 (c))

43. ILC Dover repleads paragraphs 1-34 as though fully set forth herein.

44. Based on information and belief, FloodBarrier is providing to others in the United States, including, but not limited to, prime contractors for the Port Authority, without the authority of ILC Dover, components of the claims of the '316 Patent, including, but not limited to the membrane components and deployment systems therefore, knowing these components to be especially made or adapted for use in an infringement, and not a staple article or commodity of commerce, for the others to combine the components so as to make, use, offer to sell and sell the combination and infringe at least claims 1, 2, 5, 6 and 18 of the '314 Patent.

45. By reason of FloodBarrier's infringement of the '316 Patent, ILC Dover has been damaged and seeks monetary compensation for its damage in an amount to be proven at trial, but not less than a reasonable royalty.

46. ILC Dover has lost, and is continuing to lose, market share of the extensible, flexible flood barrier as a direct cause of FloodBarrier's infringing activities and FloodBarrier will continue to indirectly infringe the '316 unless enjoined by this Court.

## COUNT 4

(Direct Infringement of the '423 Patent pursuant to 35 U.S.C. § 271 (a))

47. ILC Dover repleads paragraphs 1-34 as though fully set forth herein.

48. On information and belief, FloodBarrier has offered to sell Flexible Flood Membrane Systems to Port Authority that meet Port Authority product requirements that necessitate the features claimed in at least claims 1, 2, 8, 11, 13, 15, 16, 17, 18, 19, 20, 22 and/or 23 of the '423 Patent. Therefore, on information and belief, by making, using, offering for sale and/or selling its Flexible Flood Membrane Systems within the United States without the authority of ILC Dover, FloodBarrier infringes, either literally or under the doctrine of equivalents, at least claims 1, 2, 8, 11, 13, 15, 16, 17, 18, 19, 20, 22 and/or 23 of the '423 Patent.

ILC Dover is unaware of any publicly available information about FloodBarrier's products that would enable it to confirm the infringement but expects to be able to obtain such evidence in discovery.

49. By reason of FloodBarrier's infringement of the '423 Patent, ILC Dover has been damaged and seeks monetary compensation for its damage in an amount to be proven at trial, but not less than a reasonable royalty.

50. ILC Dover has lost, and is continuing to lose, market share of the flexible flood gate or door market as a direct cause of FloodBarrier's infringing activities and FloodBarrier will continue to directly infringe the '423 Patent unless enjoined by this court.

## COUNT 5

(Indirect infringement of the '423 Patent by inducing others to infringe the '423 Patent pursuant to 35 U.S.C. § 271 (b))

51. ILC Dover repleads paragraphs 1-34 as though fully set forth herein.

52. Based on information and belief, FloodBarrier is knowingly instructing and encouraging its customers, purchasers, users and others receiving components from FloodBarrier of the patented combination of the '423 Patent, by providing the membranes described on its website (Exhibit 4) to prime contractors, such as those supporting the Port Authority's requirements for flood gate or door protection (requirements that, on information and belief, necessitate the features found in at least claims 1, 2, 8, 11, 13, 15, 16, 17, 18, 19, 20, 22 and/or 23 of the '423 Patent), with instructions, drawings, guidelines and other information to actively induce the contractors to install, operate, make, use and sell the membranes to the Port Authority and infringe one or more of the claims of the '423 Patent in the United States without the

authority of ILC Dover. ILC Dover is unaware of any publicly available information that would enable it to confirm the infringement but expects to be able to obtain such evidence in discovery.

53. By reason of FloodBarrier's inducing infringement of the '423 Patent by others, ILC Dover has been damaged and seeks monetary compensation for its damage in an amount to be proven at trial, but not less than a reasonable royalty.

54. ILC Dover has lost, and is continuing to lose, market share of the extensible, flexible flood gate or door market as a direct cause of FloodBarrier's infringing activities and FloodBarrier will continue to indirectly infringe the '423 unless enjoined by this Court.

### COUNT 6

(Indirect Infringement by offering to sell and/or selling a component of a manufacture or combination contributing to the infringement of the '423 Patent pursuant to 35 U.S.C § 271 (c))

55. ILC Dover repleads paragraphs 1-34 as though fully set forth herein.

56. Based on information and belief, FloodBarrier is providing to others in the United States, including, but not limited to, prime contractors for the Port Authority, without the authority of ILC Dover, components of the claims of the '423 Patent, including, but not limited to the membrane components and deployment systems therefor, knowing these components to be especially made or adapted for use in an infringement, and not a staple article or commodity of commerce, for the others to combine the components so as to make, use, offer to sell and sell the combination and infringe at least claims 1, 2, 8, 11, 13, 15, 16, 17, 18, 19, 20, 22 and/or 23 of the '423 Patent.

57. By reason of FloodBarrier's infringement of the '423 Patent, ILC Dover has been damaged and seeks monetary compensation for its damage in an amount to be proven at trial, but not less than a reasonable royalty.

58. ILC Dover has lost, and is continuing to lose, market share of the extensible, flexible flood gate or door market as a direct cause of FloodBarrier's infringing activities and FloodBarrier will continue to indirectly infringe the '423 Patent unless enjoined by this Court.

## COUNT 7

(Direct Infringement of the '314 Patent pursuant to 35 U.S.C. § 271 (a))

59. ILC Dover repleads paragraphs 1-34 as though fully set forth herein.

60. On information and belief, FloodBarrier has offered to sell Flexible Flood Membrane Systems to Port Authority that meet Port Authority product requirements that necessitate the features claimed in at least claims 1, 2, 4, 5, 7, 8, 9, 10, 11, 12, 13, 15, 18, 20, 21, 22, 24, 25, 26 and/or 27 of the '314 Patent. Therefore, on information and belief, by making, using, offering for sale and/or selling its Flexible Flood Membrane Systems within the United States without the authority of ILC Dover, FloodBarrier infringes, either literally or under the doctrine of equivalents, at least claims 1, 2, 4, 5, 7, 8, 9, 10, 11, 12, 13, 15, 18, 20, 21, 22, 24, 25, 26 and/or 27 of the '314 Patent. ILC Dover is unaware of any publicly available information about FloodBarrier's products that would enable it to confirm the infringement but expects to be able to obtain such evidence in discovery.

61. By reason of FloodBarrier's infringement of the '314 Patent, ILC Dover has been damaged and seeks monetary compensation for its damage in an amount to be proven at trial, but not less than a reasonable royalty.

62. ILC Dover has lost, and is continuing to lose, market share of the extensible, flexible fluid retention wall market as a direct cause of FloodBarrier's infringing activities and FloodBarrier will continue to directly infringe the '314 Patent unless enjoined by this court.

## COUNT 8

(Indirect infringement of the '314 Patent by inducing others to infringe the '314 Patent pursuant to 35 U.S.C. § 271 (b))

63. ILC Dover repleads paragraphs 1-34 as though fully set forth herein.

64. Based on information and belief, FloodBarrier is knowingly instructing and encouraging its customers, purchasers, users and others receiving components from FloodBarrier of the patented combination of the '314 Patent, by providing the membranes described on its website (Exhibit 4) to prime contractors, such as those supporting the Port Authority's requirements for flood gate or door protection (requirements that, on information and belief, necessitate the features found in at least claims 1, 2, 4, 5, 7, 8, 9, 10, 11, 12, 13, 15, 18, 20, 21, 22, 24, 25, 26 and/or 27 of the '314 Patent), with instructions, drawings, guidelines and other information to actively induce the contractors to install, operate, make, use and sell the membranes to the Port Authority and infringe one or more of the claims of the '314 Patent in the United States without the authority of ILC Dover. ILC Dover is unaware of any publicly available information that would enable it to confirm the infringement but expects to be able to obtain such evidence in discovery.

65. By reason of FloodBarrier's inducing infringement of the '314 patent by others, ILC Dover has been damaged and seeks monetary compensation for its damage in an amount to be proven at trial, but not less than a reasonable royalty.

66. ILC Dover has lost, and is continuing to lose, market share of the flexible fluid retention wall market as a direct cause of FloodBarrier's infringing activities and FloodBarrier will continue to indirectly infringe the '314 unless enjoined by this Court.

## COUNT 9

(Indirect Infringement by offering to sell and/or selling a component of a manufacture or combination contributing to the infringement of the '314 Patent pursuant to 35 U.S.C § 271 (c))

67. ILC Dover repleads paragraphs 1-34 as though fully set forth herein.

68. Based on information and belief, FloodBarrier is providing to others in the United States, including, but not limited to, prime contractors for the Port Authority, without the authority of ILC Dover, components of the claims of the '314 Patent, including, but not limited to the membrane components and deployment systems therefore, knowing the components to be especially made or adapted for use in an infringement, and not a staple article or commodity of commerce, for the others to combine the components so as to make, use, offer to sell and sell the combination and infringe at least claims 1, 2, 4, 5, 7, 8, 9, 10, 11, 12, 13, 15, 18, 20, 21, 22, 24, 25, 26 and/or 27 of the '314 Patent.

69. By reason of FloodBarrier's infringement of the '314 patent, ILC Dover has been damaged and seeks monetary compensation for its damage in an amount to be proven at trial, but not less than a reasonable royalty.

70. ILC Dover has lost, and is continuing to lose, market share of the extensible, flexible fluid retention wall market as a direct cause of FloodBarrier's infringing activities and FloodBarrier will continue to indirectly infringe the '314 Patent unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, ILC Dover prays for judgment and relief as follows:

A. An entry of judgment holding that FloodBarrier has infringed and is infringing at least one claim of the asserted patents; and has induced infringement and is inducing infringement of at least one claim of the asserted patents; and has contributed to infringement and is contributing to infringement of at least one claim of the asserted patents;

  B. A Preliminary and permanent injunction against Defendant, its officers, employees, agents, servants, attorneys, instrumentalities, and /or those in privity with them, from infringing the claims of the asserted patents, or inducing infringement of the claims of the asserted patents, or contributing to the infringement of the claims of the asserted patents, and for all further and proper injunctive relief pursuant to 35 U.S.C. § 283;

  C. An award to ILC Dover of such past damages, not less than a reasonable royalty, as it shall prove at trial against Defendant that is adequate to fully compensate ILC Dover for Defendant's infringement of the claims of the asserted patents;

  D. A determination that Defendant's infringement has been willful, wanton, and deliberate and that damages be increased up to treble on this basis or for any other basis in accordance with the law;

  E. A finding that this case is "exceptional" and an award to ILC Dover of its costs and reasonable attorney's fees, as provided by 35 U.S.C. § 285;

  F. An accounting of all infringing sales and revenues, together with post judgment interest and prejudgment interest from the date of first infringement of the claims of the asserted patents; and

  G. Such further and other relief as the Court may deem proper and just.

Date:  July 3, 2019  Respectfully submitted,

By: /s/ David Brafman
David Brafman (Florida Bar No. 68289)
Amy Price (Florida Bar No. 91959)
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Tel.: (561) 653-5000
Fax: (561) 659-6313
Email: david.brafman@akerman.com
Email: amy.price@akerman.com

*Counsel for Plaintiff ILC Dover, LP*

**OF COUNSEL**

Thomas P. Pavelko
(*Pro Hac Vice* Motion forthcoming)
Nixon Peabody LLP
799 9th Street, N.W.
Suite 500 Washington DC 20001-5327
Tel: 202 585 8032
Fax: 202 585 8080
tpavelko@nixonpeabody.com

4829-7126-1083.1
49359688;4