UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-21350-CIV-ALTONAGA/Goodman

ILC DOVER LP,

     Plaintiff,

v.

FLOODBARRIER, INC.,

     Defendant.

_____/

## ORDER

**THIS CAUSE** came before the Court on Defendant, FloodBarrier, Inc.'s Motion for
Entitlement to Fees and Costs, and to Stay Proceedings, Pursuant to Federal Rule of Civil
Procedure 41(d) [ECF No. 24], filed on June 15, 2020. The Court has carefully reviewed Plaintiff,
ILC Dover LP's Response [ECF No. 31]; FloodBarrier's Reply [ECF No. 34]; the record; and
applicable law. For the following reasons, the Motion is granted.

## I.      BACKGROUND

ILC Dover filed its original patent lawsuit against FloodBarrier on July 3, 2019. *See
generally ILC Dover, LP v. FloodBarrier, Inc.*, No. 19-cv-22760 (S.D. Fla.) (hereinafter "*ILC
Dover I*").[1] The parties litigated the case for seven months. (*See id.*). On February 13, 2020, the
parties filed a Joint Stipulation of Dismissal Without Prejudice Pursuant to Rule 41(a)(1)(A)(ii).
(*See generally ILC Dover I* [ECF No. 38]). In their Stipulation, the parties agreed FloodBarrier
was not waiving "any rights it may have under Federal Rule of Civil Procedure 41(d) by entering
this stipulation and agreeing to dismiss this action without prejudice." (*Id.* 1). As requested, the

---

[1] References to *ILC Dover I* court filings are prefaced accordingly.

court dismissed the case.  (*See ILC Dover I*, Order Dismissing and Closing Case [ECF No. 39] entered Feb. 13, 2020).

On March 27, 2020, ILC Dover filed the present lawsuit asserting substantially the same factual allegations and causes of action as in the first action.  (*See generally* Compl. [ECF No. 1]). FloodBarrier now moves under Federal Rule of Civil Procedure 41(d) for an order awarding it the costs incurred in the defense of *ILC Dover I* and the imposition of a stay until ILC Dover pays. (*See generally* Mot.).  The Court considers the parties' competing arguments.

## II.    DISCUSSION

Federal Rule of Civil Procedure 41(d) states:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied.

*Id.*; *see also Pontenberg v. Bos. Sci. Corp.*, 252 F.3d 1253, 1256 n.2 (11th Cir. 2001) ("Rule 41(d) authorizes the district court to require the plaintiff to pay the defendant's costs of the dismissed action upon refiling the action.").  If Rule 41(d)'s requirements are met, ordering costs is at the court's discretion.  *See, e.g.*, *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 874 (6th Cir. 2000) (reviewing Rule 41(d) entitlement to costs for abuse of discretion); *USA Entm't Grp. v. City of Pompano Beach*, No. 18-cv-62740, 2019 WL 498743, at \*2 (S.D. Fla. Feb. 8, 2019) ("[B]ecause the requirements of Rule 41(d) have been satisfied, this Court has discretion whether to require [the p]laintiff to pay Rule 41(d) costs associated with the [prior] Action." (alterations added; citations omitted)).

Here, the parties do not dispute Rule 41(d)'s requirements are met; the Court — at its discretion — may require that ILC Dover pay FloodBarrier's costs in *ILC Dover I*.  *See Rogers*, 230 F.3d at 874.  Nevertheless, ILC Dover argues that FloodBarrier's Motion should be denied,

first because the Motion fails to comply with the Court's Local Rules. (*See* Resp. 3).[2] If not procedurally barred, ILC Dover next insists that the award of costs is not warranted. (*See id.* 2–3). If the Court determines FloodBarrier is entitled to Rule 41(d) costs, the parties also disagree about the scope and amount of any award.

**A.     Local Rule 7.3**

ILC Dover states FloodBarrier's Motion fails to comply with Local Rule 7.3, which imposes procedural requirements on motions for attorney's fees and costs. (*See* Resp. 11–12). A judge in this District has previously rejected this argument. *See, e.g.*, *Fees v. Zarco*, No. 17-Civ-20564, 2019 WL 2106072, at *4 (S.D. Fla. Feb. 11, 2019), *report and recommendation adopted*, 2019 WL 2105922 (S.D. Fla. Mar. 8, 2019). The Court agrees. Local Rule 7.3 only applies to motions for attorneys' fees and costs "arising from the entry of a final judgment or order[.]" S.D. Fla. L.R. 7.3(a) (alteration added). A plaintiff's refiling of an action following a stipulation of dismissal does not constitute a final judgment or order.

*NF Import & Export, Inc. v. VIA Mat International AG*, No. 11-23371-Civ, 2012 WL 13013236, at *1–2 & n.4 (S.D. Fla. Sept. 25, 2012), which ILC Dover cites as support for its contrary position that Rule 7.3 applies to Rule 41(d) motions (*see* Resp. 10), is inapposite. In *NF Import & Export*, the court determined the defendant was entitled to Rule 41(d) costs. *See* 2012 WL 13013236, at *2. The court then ordered the defendant to submit a motion to determine the amount of the award, according to the requirements of Local Rule 7.3. *See id.* Whether Local Rule 7.3 applies to *motions for an entitlement* to Rule 41(d) costs (before such costs are awarded) was never considered by the court in that case. *See generally id.*

---

[2] The Court relies on the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

Local Rule 7.3 is no bar to the instant Motion.  By its terms, Local Rule 7.3 does not apply to motions for entitlement to Rule 41(d) costs.

**B.      Rule 41(d) Discretion**

As stated, the Court has discretion to award FloodBarrier its *ILC Dover I* litigation costs. In exercising discretion under Rule 41(d), courts look to the rule's purpose: preventing prejudice to defendants by plaintiffs dismissing and refiling actions and discouraging vexatious litigation. *See Sargeant v. Hall*, 951 F.3d 1280, 1287 (11th Cir. 2020) (citations omitted).

FloodBarrier asserts circumstances here warrant the award of its costs under Rule 41(d) for several reasons.  (*See* Mot. 4–9).  First, ILC Dover did not own the patents it placed at issue in *ILC Dover I*, it consequently lacked standing to bring *ILC Dover I*, remarkably it failed to realize this prior to filing *ILC Dover I*, and thus it wasted FloodBarrier's time and resources in defending a meritless action.  (*See id.* 7).  Second, ILC Dover's filing of the instant action only a month after dismissing *ILC Dover I* shows bad faith.  (*See id.* 7–8).  Third, ILC Dover sought an unfair tactical advantage in dismissing and refiling its action, attempting to gain the Article III standing it lacked in *ILC Dover I*.  (*See id.* 8–9).

ILC Dover disagrees, explaining it was forthright regarding its lack of standing (once discovered), negotiated with FloodBarrier to jointly stipulate to dismissal, and informed FloodBarrier that it would refile the action.  (*See id.* 8–9).  Moreover, ILC Dover emphasizes the dismissal of *ILC Dover I* states the parties shall bear their respective litigation costs.  (*See id.* 8).  Finally, ILC Dover argues that FloodBarrier's *ILC Dover I* defense costs and attorney's fees should not be considered as constituting prejudice to FloodBarrier when determining an entitlement to Rule 41(d) costs.  ILC Dover's explanations fail to persuade.

CASE NO. 20-21350-CIV-ALTONAGA/Goodman

In this regard, *Loubier v. Modern Acoustics, Inc.* is instructive.   *See generally* 178 F.R.D. 17 (D. Conn. 1998).   In *Loubier*, while lacking Article III standing, the plaintiffs filed suit.   *See id.* at 19.   Thereafter, the plaintiffs voluntarily dismissed and refiled the case after correcting the standing defect.   *See id.*   In opposing the defendant's request for Rule 41(d) costs, the plaintiffs argued that rather than be being sanctioned, they should be "applauded" for voluntarily dismissing the prior action and promoting judicial efficiency.   *Id.* at 22 (internal quotation marks and footnote call number omitted).   Unpersuaded, the court awarded the defendant Rule 41(d) costs, stating even if the standing mistake was unintentional, it was a "readily discoverable" mistake that should have been uncovered prior to initiating the action.   *Id.*; *see also id.* at 22–23 ("[I]t is the plaintiffs' responsibility to ensure that a court has subject matter jurisdiction before filing suit." (alteration added)).

ILC Dover's filing of the instant lawsuit after bringing an action where it lacked Article III standing is the type of conduct Rule 41(d) is intended to deter and provide compensation for.   ILC Dover should have confirmed its ownership of the patent — a most basic query — before it haled FloodBarrier into court and forced it to defend an action for seven months.   As in *Loubier*, ILC Dover's failure to discover its own lack of standing forced the defendant, FloodBarrier, to expend time and costs defending an action that should not have been brought.   Notably, in the *ILC Dover I* joint stipulation of dismissal, the parties expressly agreed FloodBarrier was not waiving its rights under Rule 41(d).   (*See* J. Stip. 1).   It is of no moment that ILC Dover acknowledged its failure to investigate its standing to bring its own patent case before filing suit the first time; ILC Dover was well aware it would have to address Rule 41(d) sanctions when it filed its lawsuit only a month later.

The *ILC Dover I* dismissal order — ordering each party to bear its own litigation costs — does not, contrary to ILC Dover's unsupported assertion, mean Rule 41(d) costs should not be awarded.  (*See* Resp. 4, 8–9).  *See, e.g.*, *Sargeant v. Maroil Trading, Inc.*, No. 9:17-cv-81070, 2018 WL 4922370, at *2 (S.D. Fla. Oct 1, 2018) (rejecting the plaintiff's argument that a Rule 41(d) motion should be treated as a motion for reconsideration of a prior dismissal order, where the prior dismissal ordered the parties to bear their own costs), *report and recommendation adopted*, 2018 WL 6807293 (S.D. Fla. Nov. 16, 2018), *aff'd sub nom. Sargeant*, 951 F.3d 1280.

The Rule 41(d) requirements for costs are met.  ILC Dover failed in its responsibility to investigate its ability to bring its claims prior to filing suit in *ILC Dover I*.  FloodBarrier is entitled to its defense costs incurred in *ILC Dover I*.

## C.    Scope of Costs Awarded Under Rule 41(d)

Courts may order plaintiffs to pay all or part of a defendant's costs for defending a prior action under Rule 41(d).  *See* Fed. R. Civ. P. 41(d)(1).  Courts in this District generally award attorney's fees as part of these costs.  (*See* Resp. 6 n.3).  Nevertheless, ILC Dover contends any award should exclude four categories of costs: (1) costs for work that can be recycled in the current case; (2) unnecessary costs; (3) costs for work that benefited FloodBarrier; and (4) FloodBarrier's costs in bringing an *inter partes* review proceeding before the Patent Trial and Appeal Board.  (*See* Resp. 12–16).  FloodBarrier appears to concede that cost categories one through three should be excluded from a Rule 41(d) cost award but insists that none of its costs fall into those categories.  (*See* Reply 8–10).

The Court agrees with ILC Dover that FloodBarrier may not recover its costs in bringing an *inter partes* collateral proceeding.  Rule 41(d)(1) cost awards only apply to the "costs of [the] previous action[.]"  Fed. R. Civ. P. 41(d)(1) (alterations added).  A "previous action" is one that a

6

CASE NO. 20-21350-CIV-ALTONAGA/Goodman

plaintiff "previously dismissed . . . in any court" and refiles.  *Id.* 41(d) (alteration added).
FloodBarrier's *inter partes* review was a separate proceeding initiated by FloodBarrier, related to
the *ILC Dover I* patents. (*See* Reply 10–11).  While FloodBarrier argues the *inter partes* review
was a necessary cost of defending *ILC Dover I* (*see id.*), it is notable that the *Loubier* decision
relied on by FloodBarrier[3] found only costs for the prior dismissed action could be awarded, and
not costs of related proceedings.  *See* 178 F.R.D. at 22 & n.9.  Similarly, the Court finds Rule 41(d)
does not permit an award for FloodBarrier's costs in bringing a collateral proceeding.

The Court also agrees with ILC Dover that costs for recycled work and unnecessary costs
are inappropriate under Rule 41(d).  FloodBarrier requests the Court adopt the approach taken by
the *Loubier* court in awarding Rule 41(d) costs, which encouraged the parties to reach an
agreement as to reasonable costs and fees prior to bringing the matter before the court.  (*See* Mot.
16 & n.13).  The Court agrees with this sensible approach.  The parties will exchange supporting
documents for FloodBarrier's claimed fees and costs, attempting to agree on the amount.  Should
the parties fail to reach agreement, they shall so advise by submitting a notice — not another cost
and fees motion — identifying the items for which there is objection, and the Court will set the
matter for hearing.

## III.    CONCLUSION

Federal Rule of Civil Procedure 41(d)(2) permits courts to "stay the proceedings until the
plaintiff has complied" with a court's order to pay costs from a previous action.  *Id.*  The Court
agrees a stay is appropriate here.  Consequently, it is

---

[3] (*See* Mot. 7 n.4, 8, 15, 16 n.13; Reply 6–7, 9).

CASE NO. 20-21350-CIV-ALTONAGA/Goodman

**ORDERED AND ADJUDGED** as follows:

1. Defendant, FloodBarrier, Inc.'s Motion for Entitlement of Attorneys' Fees and Costs, and to Stay Proceedings, Pursuant to Federal Rule of Civil Procedure 41(d) **[ECF No. 24]** is **GRANTED**.

2. This action is **STAYED** and **ADMINISTRATIVELY CLOSED**.  All pending motions are denied as moot.

3. Following the exchange of cost and fees information and payment by ILC Dover of the agreed-upon amount — or, if not agreed to, an amount fixed by the Court — the case will be restored to the active docket.

**DONE AND ORDERED** in Miami, Florida, this 15th day of July, 2020.

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record